**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erick Griffin, ) | No. CV 05-3062-PHX-MHM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

This is a civil rights action brought by a former county jail inmate. The Court will dismiss the action without prejudice for failing to keep the Court apprised of his address.

On October 3, 2005, the Court received Plaintiff's Complaint for filing. Rule 3.4(a) of the Local Rules of Civil Procedure requires that a prisoner-litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2, ¶ H.

On October 5, 2005, the Court issued a Notice of Assignment to Plaintiff (Doc. #2). This notice also informed Plaintiff of his obligation to keep the Court advised of his current address. On October 17, 2005, the Notice of Assignment was returned in the mail and marked "Released" (Doc. #3). Plaintiff has not provided the Court with his present address,

1  and more than five months have elapsed since he filed his Complaint.

2  The Court has no affirmative obligation to locate Plaintiff.  "A party, not the district
3  court, bears the burden of keeping the court apprised of any changes in his mailing address."
4  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order
5  Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself
6  taking a round trip tour through the United States mail."  Id.  The Court is also not required
7  to hold the matter in abeyance.  "It would be absurd to require the district court to hold a case
8  in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact
9  the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."
10  Id.

11  Plaintiff has failed to comply with the rules and thereby has failed to prosecute this
12  action. See Rule 41(b), Fed. R. Civ. P.  Accordingly, the Court will dismiss his action without
13  prejudice.

14  **IT IS THEREFORE ORDERED** that the Complaint and this action are **dismissed**
15  without prejudice, and the Clerk of Court shall enter judgment accordingly.

16  DATED this 16th day of April, 2006.

_____
Mary H. Murguia
United States District Judge